**Richard KEARNEY, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, et al., Defendants–Appellees.**

**No. 13–4043.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2014.

Richard Kearney, pro se, Stormville, NY, for Appellant.

Laura Etlinger, for Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: DENNIS JACOBS, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Appellant Richard Kearney, *pro se*, appeals from the district court's grant of summary judgment, dismissing his reasonable accommodation action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A district court's grant of summary judgment is reviewed *de novo* with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). We resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.,* 182 F.3d 157, 160 (2d Cir.1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of act to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Upon such review, we conclude that Kearney's appeal is without merit substantially for the reasons stated in Magistrate Judge Dancks' report and recommendation, which the district court adopted over Kearney's timely objection. To the extent Kearney asserts that he was deprived of access to the showers, he fails to raise a triable issue of fact because his need for crutches is "for long periods of standing and walking"; he refused additional consultations and treatment from prison doctors; and a prison is not required to "provide a disabled individual with every accommodation he requests or the accommodation of his choice" in order to provide "reasonable accommodations." *McElwee v. County of Orange,* 700 F.3d 635, 641 (2d Cir.2012).

For the foregoing reasons, and finding no merit in Kearney's other arguments, we hereby **AFFIRM** the judgment of the district court.